UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAUL WESLEY MCCURRY, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00351-JRS-MJD |
| ) | |
| T.J. WATSON, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Paul McCurry, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, Mr. McCurry's petition is denied.

## I. Background

On February 24, 2014, in the United States District Court for the District of Minnesota, Mr. McCurry pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924(e). *United States v. McCurry*, 0:13-cr-93-DWF-FLN-1 (D. Minn.), ("Cr. Dkt.") dkt. 43. At sentencing, the district court found that Mr. McCurry had three prior convictions for violent felonies which required a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id.* dkt. 62. He was sentenced to the mandatory minimum of 15 years' imprisonment. *Id.*

While Mr. McCurry pleaded guilty, he reserved the right to contest his status as an armed career criminal on appeal. *United States v. McCurry*, 832 F.3d 842, 843 (8th Cir. 2016). On appeal, Mr. McCurry challenged his 15-year sentence arguing that it constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* The Eighth Circuit affirmed. *Id.*

On November 1, 2017, Mr. McCurry filed a motion pursuant to 28 U.S.C. § 2255. Cr. Dkt. 79. He argued that two of his prior convictions – both Minnesota first degree aggravated robberies – no longer qualified as violent felonies under the force clause of the ACCA. Cr. Dkt. 79. The district court stayed the case twice because several cases addressing whether Minnesota's robbery met the ACCA's definition of a violent felony were pending before the Eighth Circuit. Cr. Dkt. 83, 89. On November 13, 2019, the district court denied Mr. McCurry's motion, explaining that the Minnesota robbery statute requires as an element a level of force that meets the definition of a violent felony under the ACCA. Cr. Dkt. 95 (citing *Taylor v. United States*, 926 F.3d 939 (8th Cir. 2019); *United States v. Pettis*, 139 S. Ct. 1258 (2019); *United States v. Pittman*, 2019 WL 3451696, at *1 (8th Cir. July 31, 2019); *United States v. Williams*, 926 F.3d 966 (8th Cir. 2019); *United States v. Robinson*, 925 F.3d 997 (8th Cir. 2019)).

## II. Discussion

Mr. McCurry seeks habeas relief arguing that his Minnesota robbery convictions do not qualify as predicate violent felonies under the ACCA and that he is actually innocent of being a felon in possession of a firearm under the recent Supreme Court decision of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

A. *Section 2241 Standards*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it

'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

B. *Analysis*

    1. ACCA

First, Mr. McCurry appears to argue his sentence should not have been enhanced under the ACCA because his burglaries do not qualify as violent felonies. He also asserts that his burglaries occurred on the same day and suggests that they should not have been treated as separate predicates.

Mr. McCurry cannot bring these claims in his § 2241 petition. First, with respect to his argument that his burglary convictions do not qualify as violent felonies, he has already presented this challenge in his § 2255 motion. "A claim presented in a second or successive habeas corpus application under section [2255] that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); *cf. Taylor*, 314 F.3d at 836 (explaining that "[a]lthough § 2244 refers to § 2254 rather than § 2255," it is "equally applicable to § 2255 motions.").

Second, as to his challenge that the burglary convictions should not have been treated as separate predicate convictions, he could have brought such claims in his § 2255 motion. *See United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir. 1990) (recognizing that § 924(e)(1) applies only if defendant's prior convictions arose from "separate criminal transactions"). Mr. McCurry has not shown that § 2255 was inadequate or ineffective.

    2. Rehaif

Mr. McCurry also argues that, under *Rehaif*, he is actually innocent of being a felon in possession of a firearm. The Supreme Court held in *Rehaif* that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

The respondent argues that Mr. McCurry's *Rehaif* claim must be dismissed because he could have brought this claim in his § 2255 motion. The Court agrees. *Rehaif* was decided on June 21, 2019, while Mr. McCurry's § 2255 motion was still pending. He thus could have filed a supplement to his § 2255 raising a *Rehaif* claim but failed to do so. Because he could have presented his *Rehaif* claim in his § 2255 motion, he has failed to show that § 2255 was inadequate or ineffective and therefore satisfy the savings clause to bring this claim in his § 2241 petition.

## IV. Conclusion

For the foregoing reasons, Mr. McCurry has failed to show that he is entitled to relief under 28 U.S.C. § 2241 and his petition is **denied**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/9/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAUL WESLEY MCCURRY, Jr.
16903-041
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov